**CLD-200**                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1831
_____

T.B.,

Appellant

v.

ATTORNEY GENERAL OF THE STATE OF DELAWARE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 11-cv-00168)
District Judge:  Honorable Sue L. Robinson; previously, Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>


(Opinion filed: June 9, 2011)
_____

OPINION
_____

PER CURIAM

    T.B., representing himself and proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, filed suit against the

Attorney General of the State of Delaware.[1]  He claimed that he was being intimidated for filing complaints.  In support of his claim, he described an appointment he had at the doctor for an infection (an infection that he attributes somehow to government actors), and teasing or harassment he suffered from fellow residents at a homeless shelter after his appointment.  He also alleged that the defendant provided misleading information about his criminal history (including charges from 2004 in Philadelphia) to the Transportation Security Administration ("TSA"), which led to an initial assessment by TSA that he may not be eligible for a transportation worker identification credential.  (He included the document issued by TSA.)  T.B. also made the bold claim that legal documents were stolen from him by "officials and their agents" to blackmail others.  He also sought to hold the defendant liable for that fact that another man at the homeless shelter spit at him. He blames the defendant for his having to sleep in a public park.

Among the motions he submitted with his complaint, T.B. filed a motion to stay an order of the Delaware Supreme Court denying T.B.'s motion for an emergency hearing after concluding that there was no support for T.B.'s claim that government officials were conspiring to harm him.  He also requested that the District Court take him into protective custody because open charges are pending against him and because law enforcement officials have not acted on them.  He additionally moved to "stay" the TSA initial assessment.

The District Court dismissed T.B.'s complaint as frivolous pursuant to 28 U.S.C. §

---

[1]For convenience, we will identify the parties as they are currently identified in the caption.

2

1915(e)(2)(B)(ii) and concluded that amendment was futile. The District Court also denied T.B.'s then-pending motions as moot. T.B. appeals. He also presents a motion for an "emergency hearing on civil and criminal contempt of court," and two amendments to that motion. The Attorney General of the State of Delaware opposes T.B.'s motion, arguing that it should be dismissed or denied as legally frivolous. In response, T.B. argues that he is not even seeking all of the relief that the Attorney General of the State of Delaware contends that he is seeking and asks us to dismiss the Attorney General's motion.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of T.B.'s complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); see also Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). Upon review, we will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court properly dismissed T.B.'s complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). A well-pleaded complaint must contain more than "'labels or conclusions.'" See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. The "'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Fowler v. UPMC

3

Shadyside , 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal).

T.B. did not meet the plausibility test. As the District Court put it, T.B. largely did not plead the personal involvement of the defendant. Even where he did allege personal involvement (such as feeding information to TSA), he relied on a TSA-issued document that undermined his claim (in that it described an ordinary review of his criminal history). Also, and more fundamentally, from T.B.'s allegations, it is unclear how the Attorney General of Delaware plausibly is or could be tied to the misfortune that T.B. has suffered.

Furthermore, to the extent that T.B. sought review of a decision of the Delaware Supreme Court, his action was barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (setting forth a four-part test for when to apply the doctrine derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

For these reasons, the District Court did not err in dismissing T.B.'s complaint, denying his motions, and disallowing amendment as futile. We also deny T.B.'s pending motion (and its amendments), in which he largely registers complaints about how he was treated by deputy United States Marshals (they apparently charged him with disorderly conduct and creating a nuisance). (He also notes an arrest on the steps of the United States Supreme Court; other claimed stalking and threats by government agents; and, although it is not entirely clear, a purportedly open warrant for his arrest on which no one is acting.) The allegations, over which we do not have original jurisdiction, are unrelated

4

to his appeal.

In short, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We also grant the Attorney General of the State of Delaware's motion[2] and deny T.B.'s motion (with its amendments). We also direct the Clerk to unseal this appeal and the Clerk of the United States District Court for the District Court of Delaware to unseal T.B.'s District Court case. T.B. did not show good cause in the District Court for the imposition of a blanket impoundment of his case, and he has not shown good cause for the continued impoundment of his documents on appeal, despite our explicit invitation for him to explain why we should continue the seal imposed by the District Court. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790 (3d Cir. 1994); see also Miller v. Indiana Hosp., 16 F.3d 549, 552 (3d Cir. 1994) (describing the heavy burden a litigant must meet to seal an entire record and advising district courts to make specific finding on the record before taking the unusual step of sealing an entire record in ordinary civil litigation).

---

[2]We nonetheless agree with T.B. that his petition was not, as the Attorney General of the State of Delaware stated that it was in part, a petition for a writ of mandamus. However, we will not grant T.B.'s request to dismiss the Attorney General's motion on this or any other basis.